

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-25-2008

# USA v. Barney

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1734

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Barney" (2008). *2008 Decisions*. Paper 1329.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1329

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-1734

_____

UNITED STATES OF AMERICA

v.

CLIFTON BARNEY,
a/k/a
DOODLES

Clifton Barney,
                              Appellant.

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No.06-cr-00019)
District Judge:  Joseph H. Rodriguez

_____

Submitted Under Third Circuit LAR 34.1(a)
on March 28, 2008

Before:  McKEE, RENDELL, and TASHIMA,* Circuit Judges.

(Filed:  April 25, 2008)

_____

    *  Honorable A. Wallace Tashima, Senior Judge of the United States Court of
Appeals for the Ninth Circuit, sitting by designation.

_____

OPINION OF THE COURT

_____

RENDELL, Circuit Judge.

Appellant Clifton Barney raises two issues on appeal from his sentence of 150 months' imprisonment for possession with intent to distribute more than 5 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). First, he contends that the District Court failed to rule on his request for a variance based upon the unwarranted sentencing disparity between penalties for crack cocaine and powder cocaine offenses. Second, he contends that the District Court's imposition of a $2,000 fine, without evaluating his ability to pay the fine, was error. We will affirm.

At sentencing, Barney sought a variance based upon the significantly greater sentences recommended in the Guidelines for offenses involving crack cocaine, as compared to those for offenses involving powder cocaine. Barney contends that the District Court did not make "a definitive ruling" on this request. (Appellant's Br. 11.) Barney notes, however, that the District Court specifically recognized that it was appropriate for the Court to consider the disparity as a factor under 18 U.S.C. § 3553(a) in deciding whether a sentence below the advisory Guidelines would be appropriate. Barney faults the District Court, however, for failing to "fulfill its responsibility to exercise its

2

discretion in determining whether a variance was appropriate in this particular case."

(Appellant's Br. 11.)

Barney is apparently relying upon our case law in *United States v. Gunter*, 462

F.3d 237 (3d Cir. 2006), and *United States v. Jackson*, 467 F.3d 834 (3rd Cir. 2006).

However, in those cases, the relevant language is that the courts ought "to exercise their

discretion by considering the relevant § 3553(a) factors in setting the sentence they

impose regardless whether it varies from the sentence calculated under the Guidelines."

*Gunter*, 462 U.S. at 247 (internal quotation marks, brackets, and citations omitted);

*Jackson*, 467 F.3d at 837 (*quoting Gunter*). We find no requirement in our case law for

the District Court to do more than it did here, where, as Barney acknowledges, it

considered the disparity as a factor in its analysis under § 3553(a). Accordingly, we find

no error in the District Court's analysis or resulting sentence.[1]

With respect to the proof required in order for the District Court to impose a fine,

Barney acknowledges that the burden of proving inability to pay the fine is on the

defendant. *See* U.S.S.G. § 5E1.2(a); *see also United States v. Carr*, 25 F.3d 1194, 1211

(3d Cir. 1994) ("Imposing a fine based solely on future ability to pay is permissible.").

---

[1] Our decision is rendered without prejudice to any right Barney may have to pursue a reduced sentence in the District Court, pursuant to § 3582(c)(2), based upon the Sentencing Commission's authorization of sentence reductions for defendants whose Guidelines ranges were lowered by the November 1, 2007 amendment to the crack cocaine sentencing ranges. *See* U.S.S.G. § 2D1.1 (Nov. 1, 2007); U.S.S.G. § 1B1.10 (Mar. 3, 2008); 73 Fed. Reg. 217-01 (Jan. 2, 2008); *United States v. Wise*, 515 F.3d 207, 221 (3d Cir. 2008).

We note that we review this ruling for plain error, as no objection was lodged before the District Court. In imposing the $2,000 fine, the District Court ordered that any portion of the fine that remained unpaid prior to the commencement of Barney's 4-year term of supervised release would be payable in monthly installments of $43.00 during supervised release. (App. 6.)

The Presentence Investigation Report ("PSR") concluded that although Barney could not pay a fine within the Guidelines range of $15,000 to $2,000,000, he could begin paying a smaller fine through the Inmate Financial Responsibility Program if incarcerated. (PSR ¶¶ 62, 73.) It is clear from the PSR that Barney was in good health, had graduated from high school, had earned (then lost) a scholarship to play football at Temple University, and had been employed in the past in a variety of capacities, earning as much as $10 per hour and $100 per day. (PSR ¶¶ 53, 57-60.) In its Statement of Reasons, the Court adopted the PSR "without change." *See United States v. Torres*, 209 F.3d 308, 314 (3d Cir. 2000) ("[T]his Court's requirement of specific findings will be satisfied if the District Court adopts a PSR which contains adequate factual findings with reference to an ability to pay such that there can be effective appellate review.")

In light of Barney's failure to argue or demonstrate that he was unable to pay a relatively small ($2,000) fine, especially in monthly installments, the District Court's decision to impose the fine was not error, let alone plain error. *See Torres*, 209 F.3d at 313 ("[W]here . . . a defendant, whose burden it was to prove his or her inability to pay by

4

a preponderance of the evidence, made utterly no showing in that regard and took no issue with facts of record showing an ability to pay, error sufficient to warrant relief must be very plain, indeed.").

In light of the foregoing, the Judgment and Commitment Order of the District Court will be AFFIRMED.

_____